## Schmidt et al. v. Payne et al.

February 18, 1947.

J. Wirt Turner, Judge.

R. F. Matthews for appellants.
Bernard B. Davis for appellees.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Louis Payne and others, appellees, who are parents of 10 elementary school children of the independent school district of Shelbyville, sought a writ of mandamus to require Paul Schmidt and others, appellants, who are members of the board of education of the same district, to furnish school transportation for appellees' children. The chancellor having granted the writ, the board members are now appealing.

The chief contention of this appeal is that the trial court's judgment should be reversed because there exists no statutory authority requiring boards of *independent* school districts to furnish school transportation for any pupils of such districts.

The legislative authority of this Commonwealth created, in 1871, the Shelbyville Graded School and circumscribed its rather large boundary with radii running 3 miles outwardly from the county courthouse in Shelbyville. The district has retained that same boundary for these 76 years. Since Shelbyille is a city of the 4th class, subsequent legislative authority has sanctioned the retention and continuation of this same school district without change or alteration. See KRS 160.020. The school authorities in this district at Shelbyville have never furnished any school transportation to any of the pupils of their school during any of these years of this school's autonomy.

The evidence for appellees shows that their children, all of immature age, live on a hard surfaced but rather hazardous road, at distances varying from about 2 to 3 miles, leading southward from Shelbyville and from this school; that these parents have heretofore transported their chlidren in their own conveyances to school rather than have them risk the hazards of sharp curves, motor traffic, a railroad crossing and bad weather.

The appellant's evidence shows that while 10 roads run through this school district into Shelbyville, yet none of these roads is connected by a crossroad within 5 miles of Shelbyville, thereby posing a rather difficult transportation problem; that the operation of school busses would necessitate an immediate increase of 30 cents per hun-

dred dollar valuation in the prevailing tax rate of this school district; that the operation of school busses would necessitate the opening of the school building at 6 A. M. instead of 8 A. M., with teacher supervision likewise required for the earlier hour, all in accordance with the requirements of the hauling schedule that would become necessary; that the busses of the type and kind required are not available under present post war conditions.

Appellees contend that KRS 158.110 requires *all* boards of education in this state to furnish school transportation to all elementary pupils who do not live within a reasonable walking distance of their respective schools.

Appellant board members contend that this statutory provision, which uses the words, "boards of education," without further particularity, should be interpreted to mean only *county* boards of education, not to mean *independent* school district boards, such as this one at Shelbyville.

We have heretofore held that KRS 158.110 is a mandatory requirement upon county boards of education, but we have not yet ruled that it is likewise as to the independent boards. See Madison County Board of Education v. Skinner, 299 Ky. 707, 187 S. W. 2d 268, and cases cited therein.

A research into our existing school laws indicates that KRS 158.110, as well as other parts of the present codification of laws governing schools in this Commonwealth, finds its genesis as to breadth and dimension in Chapter 65 of Kentucky Acts of 1934. This chapter of the 1934 Acts aimed at an efficient and symmetrical uniformity in all our public schools and in the school laws of this state. This chapter created and recognized only "school boards," whereas, under previous laws, there had been both "school boards" and also other bodies referred to as trustees of graded common schools. While this chapter continued to recognize the general autonomy of a "graded school" under the name of an "independent school district," yet the aim of this new school law was an overall uniformity in all our public schools with resulting coalescence between the powers and duties of an independent school system, on the one hand, and those of a county school system, on the other hand. Under the compulsions and incentives of this view of ours as to

this intended uniformity among all of our present public school systems in Kentucky, we must now hold that KRS 158.110 wraps its mandatory force around these appellants as members of this independent school district at Shelbyville.

But even though KRS 158.110 applies to independent schools, yet these schools, along with all other public schools facing the same problem, have, appellants further contend, a broad discretion in deciding whether or not appellees' children actually live within a reasonable walking distance of their school.

Appellants are correct in this latter contention. Nevertheless, this court has the right and duty to review any such discretion, when it has been exercised, in order to determine whether or not it may have been abused in any particular instance. See the case of Bell County Bd. of Education v. Wilson, 263 Ky. 556, 92 S. W. 2d 821, and cases cited therein.

So, now looking at the conditions of this specific case, we find that these young children were walking distances of 2 to 3 miles to their school at Shelbyville. We find that there was and is a tortuous road presenting a possible peril upon its pedestrians, particularly little children, in almost every furlong of its length. This road has neither sidewalks nor graveled berm. This route is one of heavy travel, both by trucks and other vehicles. This route crosses a narrow bridge, a railroad, a federal highway where fast-moving traffic continually chants a funeral dirge for the unwary. Now it does seem entirely possible to consider that one school route of 2 miles might constitute a reasonable walking distance while another and different school route of only 1 mile might constitute an unreasonable walking distance. These hazards and highway conditions may be ticular route should certainly enter into a proper determination of what constitutes a reasonable walking distance. The hazards and highway conditions of any parmore decisive as determining factors in a question of this kind than the mere distance involved. Because of both the hazards and the distances proven in this specific case and as to appellees' particular route, we believe that appellants abused their discretion in deciding that appel-

lees' children are within a reasonable walking distance of their school.

In exercising their broad discretion in this case, it is obvious that appellant board members also took cognizance, among other considerations, of the expense involved and of the necessity of an additional amount of tax levy required for the transportation demanded by these appellees. Extra expense and additional tax burden are always worthy subjects of careful consideration by public servants such as these appellants. We commend them for that consideration. However, the Shelbyville district is both large in its size and wealthy in its property values. Its present school tax levy is much smaller than that of many other school districts throughout the state, is substantially below that of the legal maximum. Is there any better or wiser investment than that which we may make in the education and safety of our children? The wealth of this Shelbyville, or any other Shelbyville, lies in its good people and also in tomorrow's parents of its good people, these latter being its human potentialities who pore over school books in the school rooms of the community. Lands, buildings and bank deposits are not the real wealth. These only symbolize wealth, even though such symbols of wealth may frequently indicate what the community's real wealth, as personified by its worthy citizenship, has been able to accomplish in a tangible sort of way. All the cost involved in an undertaking of this kind must be regarded as but a small, wise, necessary investment in tomorrow's citizenship, an investment in the real values of the community life of the future.

And so, having carefully looked at every consideration in the discretion which was exercised by appellant board members in this instance, we are impelled to say again that appellants should have declared, under all the proven facts of this case, that appellees' children were not living within reasonable walking distances of their school and that they would accordingly have to be transported to school under the mandatory provisions of KRS 158.110.

Appellants lastly contend that it is impossible to procure school busses of the type required by regulations of the State Board of Education under present conditions

of post-war scarcity. They introduced evidence on this trial, which was held in October of last year, tending to show that these particular busses were not available at that time and that they would not become available before 1947. Since 1947 has now arrived and since the assembly lines of our nation's productive efforts are now singing their happy tunes of creative enterprise, the question of availability may have become practically moot. But, in any event, neither this court nor the lower court will require appellants to do the impossible. Due recognition will be given to the fact that the requirements of appellants' official duty must be geared to the attainments of the possible. Appellants, appellees, the trial court and this appellate court are all realists. All persons should know that any silk purse of that which is desirable cannot very well be woven out of a sow's ear of that which is deplorable. No one expects a flea to fight a bulldog, except in the Superman series. And so, the furnishing of this transportation by appellants will necessarily be governed by all the practical possibilities involved.

Wherefore, having carefully considered this case from all angles and having found no prejudicial error in the trial court's judgment herein, the same is now hereby affirmed.