## Board Of Education Of Clay County et al. v. Bowling et al.

May 2, 1950.

Ray C. Lewis, Judge.

750

Roy W. House for appellants.

Lewis & Weaver for appellees.

JUDGE CAMMACK—Reversing.

This case involves the question as to whether elementary school pupils attending two schools on Highway 16 in Clay County are required to walk more than a reasonable distance to school. Specifically the case relates to the plaintiff's children whose walking distances do not exceed two miles. A few children, however, walk a little more than two miles to school. In holding that the pupils were required to walk an unreasonable distance to school, the chancellor said: "Taking into consideration the type of road, the hazards connected with walking on it, the fact that there is no walk way, the weather condition during a great portion of the school year, the ages of the pupils, this Court is of the opinion that a mile or more is an unreasonable distance for these children of Murray and Fogertown to walk to and from school."

KRS 158.110 deals with the transportation of pupils. This section reads: "Boards of education shall furnish transportation from their general funds or otherwise for pupils of elementary grade who do not reside within reasonable walking distance of the school provided for them, and any board of education may provide transportation from its general funds or otherwise for any pupil of any grade who does not live within a reasonable walking distance from the school provided for him. The boards of education shall adopt such rules and regulations as will insure the comfort, health and safety of the children who are transported, consistent with the rules and regulations of the State Board of Education dealing with the transportation of pupils."

The Clay County Board of Education transports all of its high school pupils to a central high school in Manchester. Both high school and elementary teachers ride on the school buses. No elementary school children are transported. Much is said about the financial ability

of the board of education to finance a county-wide trans-
portation program for its elementary pupils. Certainly
the financial ability of the district should be taken into
consideration were a county-wide program under con-
sideration. But here we are concerned only with the
reasonableness of the walking distance of certain chil-
dren of the Murray and Fogertown schools on Highway
16. The ages of the children involved range from six
to fourteen years. Highway 16 is a gravel road ranging
from 12 to 18 feet in width. At places it has almost no
shoulder or berm. There are no walkways along it. In
a few places the road has fairly steep banks. It has no
sharp curves, but in places it is so narrow that it is nec-
essary for cars to slow down in order to pass. Approxi-
mately 50 cars pass over the road each day. There ap-
appear to be no particular characteristics about the road
which distinguish it from any other gravel road running
through rural territory in Eastern Kentucky.

An entirely different situation is presented in re-
gard to the road than was presented in the case of
Schmidt v. Payne, 304 Ky. 58, 199 S. W. 2d 990, 991.
The road in that case was described as follows: "We
find that there was and is a tortuous road presenting a
possible peril upon its pedestrians, particularly little
children, in almost every furlong of its length. This
road has neither sidewalks nor graveled berm. This
route is one of heavy travel, both by trucks and other
vehicles. This route crosses a narrow bridge, a railroad,
a federal highway where fast-moving traffic continually
chants a funeral dirge for the unwary. * * *" Unques-
tionably, as said in the Schmidt case, the hazards and
conditions of the road in one instance might make a
short distance unreasonable for young children to walk,
whereas a much greater distance in other instances
would present entirely different situations. Distance,
of course, is a factor.

Certainly strong arguments could be advanced in
support of a school program which would provide for
transporting all pupils, especially those in the element-
ary grades, to and from school. However, such a pro-
gram has not been provided by the Legislature. We
gather from the rules of the State Board of Education
that walking distances for elementary pupils which do
not exceed two miles, where no particularly hazardous
road conditions are involved, are not deemed unreason-

able. The position of the Clay County Board of Education in this action seems to be consistent with the policy of the State Board of Education. KRS 158.110 recognizes the State Board's right to make rules and regulations dealing with transportation, but, of course, these regulations could not require that any elementary pupil be required to walk more than a reasonable walking distance. We have noted the chancellor took the position that any distance in excess of a mile constituted more than a reasonable walking distance insofar as Highway 16 in Clay County is concerned. This position we believe to be in error, because we do not think that the record shows that the Clay County Board of Education acted in an arbitrary and unreasonable manner in refusing to furnish transportation for the children involved in this case.

Judgment reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.