Richard E. HOEFER, Individually, and Richard E. Hoefer as Custodian and Next Friend of Richard E. Hoefer, Jr., Deborah Parthenia Hoefer and Marshall Reade Hoefer, Infants Under the Age of 18, Appellants,

v.

HARDIN COUNTY BOARD OF EDUCATION, Appellee.

Court of Appeals of Kentucky.

May 16, 1969.

John L. Arnett, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellants.

Paul M. Lewis, Hatcher & Lewis, Elizabethtown, for appellee.

JAMES PARK, Jr., Special Commissioner.

The appellant, Richard E. Hoefer, instituted this action asserting that the Hardin County Board of Education refused to furnish school transportation for his three children as required by KRS 158.110. The Hardin Circuit Court entered judgment for the board of education and dismissed the appellant's complaint. Appellants prosecute this appeal from the judgment of dismissal of the circuit court.

The Hoefer home is located on the Bewley Road, which is a county road running generally in a north-south direction. At its northern terminus, the Bewley Road intersects with the Battle Training Road (Ky. 434). At its southern terminus, the Bewley Road intersects the Pear Orchard Road. The Hoefer home is located one-half to seven-tenths of a mile from the Battle Training Road.

At the time the action was tried, the three Hoefer children, aged eight, twelve, and thirteen, were walking from their home up the Bewley Road to its intersection at the Battle Training Road; at that point they were picked up by a school bus of the appellee and transported to the Rineyville Elementary School, which they attended. At the time, the Hoefer children were the only children living on Bewley Road who caught a school bus at its intersection with the Battle Training Road.

The appellants contend that the Bewley Road is too dangerous and hazardous for the children to use and that the board of education should be required to bring a bus down the Bewley Road to pick up the Hoefer children at their home. The board of education contends that there is nothing unusual about the Bewley Road and that it cannot afford the additional financial burden that would be required to pick up every child who lives as much as one-half mile from a school bus route.

The evidence establishes that the Bewley Road is a narrow, one-lane, gravel road. There is very little regular shoulder to the road, and in places underbrush has grown to the edge of the road. Consequently, the Hoefer children at times must walk in the traveled portion of the Bewley Road. The evidence indicates that the Bewley Road is something of a "lovers' lane." Mr. Hoefer complains of the fact that his children must walk past beer cans, whiskey bottles, mattresses, and other evidence of the road's use. He also asserts that the road is used by hot rodders proceeding at a dangerous rate of speed. On behalf of

the board of education, evidence was introduced that the Bewley Road contained no more evidence of immoral activities than any other road in Hardin County. The appellee's evidence also indicated that the Bewley Road was not heavily traveled.

Mr. Hoefer also said that he did not want his children walking the Bewley Road because he had read that there were bears loose in the Ft. Knox Military Reservation located approximately one mile away, and that a neighbor had seen cougar tracks in a plowed field. However, the record is devoid of any substantial evidence indicating any danger to the Hoefer children from animals *ferae naturae.*

A school bus entered the Bewley Road from the Pear Orchard Road in order to pick up the children of five families who lived along the south end of Bewley Road. Their homes were separated from the Hoefer home by two narrow wooden bridges that have no guardrails. The evidence on behalf of the school board indicated that these two bridges were unsafe for travel by school buses, and for that reason the bus could not continue on to the Hoefer home. The evidence on behalf of the school board also indicated that a bus entering from the Battle Training Road would have difficulty in picking up the Hoefer children. While there was a turnaround opposite the Hoefer home that had been used by a 48-passenger bus in picking up preschool children for a Head-Start Program at a parochial school, this turnaround was insufficient for 66-passenger school buses being used by the appellee. The Bewley Road also intersects the Battle Training Road at a sharp angle. Consequently, a 66-passenger school bus would not only have difficulty in turning around at the Hoefer home, but would also have difficulty turning into the Bewley Road without having to back up across the Battle Training Road.

KRS 158.110 provides:

*"Boards of education shall furnish transportation from their general funds or otherwise for pupils of elementary grade who do not reside within reasonable walking distance of the school provided for them,* and any board of education may provide transportation from its general funds or otherwise for any pupil of any grade who does not live within a reasonable walking distance from the school provided for him. The boards of education shall adopt such rules and regulations as will insure the comfort, health and safety of the children who are transported, consistent with the rules and regulations of the State Board of Education dealing with the transportation of pupils.* (Emphasis added)

Most of the cases construing this statute have involved situations in which the board of education had failed to provide any bus transportation to the children in question. In this case, the board is furnishing some means of transportation, and the issue before the court is whether the board of education acted in an arbitrary and unreasonable manner in requiring the Hoefer children to walk one-half to seven-tenths of a mile up the Bewley Road to the bus line.

Taking into consideration the conditions of the road, including traffic, the Hoefer children could not be required to walk an unreasonable distance to a school bus line any more than they could be required to walk an unreasonable distance directly to their elementary school. Madison County Board of Education v. Skinner, 299 Ky. 707, 187 S.W.2d 268.

In Board of Education of Clay County v. Bowling, 312 Ky. 749, 229 S.W.2d 769, the children involved ranged in age from six to fourteen years. In reaching their school, the children were required to walk along Highway 16, a gravel road from twelve to eighteen feet in width. At places, there was almost no shoulder or berm, and there were no walkways along the road for the children to utilize. Approximately fifty cars passed over the road each day. This court held that it was not unreasonable for the school board to require the children to

walk as much as two miles over Highway 16. The court found that there was no particular characteristic about Highway 16 to distinguish it from any other gravel road running through rural territory in Eastern Kentucky.

In Bowen v. Meyer, Ky., 255 S.W.2d 490, the children involved were required to walk the distance of one mile to two and a quarter miles to reach their suburban Jefferson County Elementary School. Despite the traffic on some routes and the narrowness of the road along another route, the court held that the children were not required to walk an unreasonable distance within the meaning of KRS 158.110 stating at page 491:

> "The board of education necessarily must be allowed some discretion in determining what is a reasonable walking distance in any particular situation, and the courts should not interfere unless the board has acted in an arbitrary and unreasonable manner in refusing to furnish transportation."

Taking into consideration the nature of the road and the traffic conditions, the distance the Hoefer children are required to walk to reach the bus line is no more difficult than the distance involved in Board of Education of Clay County v. Bowling, and Bowen v. Meyer, *supra*.

This case is clearly distinguishable from Schmidt v. Payne, 304 Ky. 58, 199 S.W.2d 990, relied on by the appellants. In that case, the children were required to walk two or three miles along a crooked, winding, heavily traveled country road crossing a narrow bridge, a railroad, and a main Federal highway. These are hazards which are not present in this case. The fact that the Bewley Road may be insufficiently patrolled by the Hardin County law enforcement officers is not sufficient reason to require the appellee to send a school bus down the road to the Hoefer residence. KRS 158.110 was enacted to protect children from traffic hazards they would encounter in walking to school. We do not believe that it was intended to protect the children from seeing evidence that the roads are being used for drinking or immoral purposes.

There was not sufficient substantial evidence to compel a finding by the trial court that the board of education acted arbitrarily or unreasonably.

The judgment is affirmed.