JENKINS INDEPENDENT SCHOOLS; Deborah Watts; Larry Maggard; Steven Holbrook; and Joe Colwell, Appellants

v.

Jim DOE and Jane Doe, as biological parents and Next Friend of their minor child, John Doe, Appellees.

No. 2011–CA–001965–MR.

Court of Appeals of Kentucky.

Sept. 28, 2012.

809

Jonathan C. Shaw, Paintsville, KY, for Appellants.

Adam P. Collins, Hindman, KY, for Appellees.

Before CAPERTON, COMBS, and NICKELL, Judges.

## OPINION

COMBS, Judge:

Jenkins Independent Schools, Deborah Watts, Larry Maggard, Steven Holbrook, and Joe Colwell appeal this interlocutory ruling from the order of the Letcher Circuit Court, which found that none of them possessed immunity from the lawsuit filed by Jim and Jane Doe as next friend of their minor child John Doe. Following our review, we vacate in part and remand.

On March 15, 2011, the Does filed a lawsuit seeking compensatory and punitive damages from the Jenkins Independent School District; from Watts, the school superintendent; and from Maggard, Holbrook, and Colwell, who are football coaches. The complaint alleged that the Does' son had been the victim of a serious assault that was the result of a long-standing pattern of hazing at the school. The record does not contain any details of the incident other than a comment at a hearing, which indicated that it was of a heinous and brutal nature involving an assault with a broomstick. The Does contended that school officials and coaches were aware of the ongoing hazing but had done nothing to prevent it. They alleged that the school board, superintendent, and coaches had acted negligently, thus causing their son's injuries.

The school board, Watts, and the coaches filed a motion to dismiss or, in the alternative, for summary judgment, claiming governmental or official immunity. The trial court held a hearing on September 29, 2011. After the parties presented their arguments, the court asked, "Does the District have insurance?" The parties answered affirmatively. The court replied that there was a line of cases holding that insurance constitutes a waiver of immunity. It then told the parties that the motion was overruled until further discovery was conducted—after which it would reexamine the immunity issue. This appeal follows.

■ We first note that Kentucky Rule[s] of Civil Procedure (CR) 54.01 limits appealable judgments to final orders. Although the court's order overruling the motion to dismiss based on immunity is not final, our Supreme Court has held that such an interlocutory order is properly subject to appeal in order to avoid preemptively the costs and burdens of defending an action that may have been properly barred by immunity. "We ... agree ... that an order denying a claim of substantial immunity is immediately appealable even in the absence of a final judgment." *Breathitt County Bd. of Educ. v. Prater,* 292 S.W.3d 883, 887 (Ky.2009). Therefore, we have jurisdiction to consider the merits of this appeal.

### The School District

The Appellants argue that the trial court erred in finding that the Jenkins school board did not have governmental immunity. We agree.

■ The doctrine of immunity is "a bedrock component" of our law. *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.,* 286 S.W.3d 790, 799 (Ky. 2009). Sovereign immunity allows the "state, legislators, prosecutors, judges, and others doing the essential work of the state" a shield from fear of lawsuits affecting their ability to perform their official functions. *Autry v. Western Kentucky Univ.,* 219 S.W.3d 713, 717 (Ky.2007).

■ School boards and their employees are not entitled to sovereign immunity; rather, as agencies of the state, it is settled law that they enjoy governmental immunity. *James v. Wilson,* 95 S.W.3d 875, 903 (Ky.App.2002). Governmental immunity is granted to state agencies in their performance of governmental functions. *Yanero v. Davis,* 65 S.W.3d 510, 519 (Ky.2001). Individuals who are sued in their *official* capacities as government employees are also entitled to governmental immunity. *Autry, supra.* The doctrine arises in part from the doctrine of separation of powers (§§ 27 and 28 of the Constitution of Kentucky), with the result that it is inappropriate for courts to:

pass judgment on policy decisions made by members of coordinate branches of government in the context of tort ac-

tions, because such actions furnish an inadequate crucible for testing the merits of social, political, or economic policy. Put another way, "it is not a tort for government to govern."

*Yanero,* 65 S.W.3d at 519. (Internal citations omitted).

■ The Does argue that governmental immunity does not apply to the Jenkins school board because it is a municipal—not a county—school district. However, we are unable to find recognition of this distinction anywhere in the law. Kentucky Revised Statute[s] (KRS) 160.160 defines the powers and procedures of boards of education, providing that "each school district shall be under the management and control of a board of education[.]" It does not mention county districts or independent districts. Our courts have found that municipal school boards are entitled to governmental immunity, applying the same analysis that it has utilized for county districts. *See Wood v. Bd. of Educ. of Danville,* 412 S.W.2d 877 (Ky.1967); *Powell v. Bd. of Educ. of Harrodsburg,* 829 S.W.2d 940 (Ky.App.1991); *Commonwealth of Kentucky, Trans. Cabinet, Dep't of Highways v. Bd. of Educ. of the Bellevue Indep. School District,* 2012 WL 876722 (Ky.App. March 16, 2012).

It is true that the predecessor to our Supreme Court has acknowledged that at one time, independent school district boards were treated differently under the law from county districts. However, the legislature amended the statutes with the intention of creating "an overall uniformity in *all* our public schools with resulting coalescence between the powers and duties of an independent school system ... and those of a county school system[.]" *Schmidt v. Payne,* 304 Ky. 58, 199 S.W.2d 990, 991 (1947). (Holding that KRS 158.110 required independent school districts to provide transportation for students.) (Emphasis added). Therefore, we are not persuaded that the Jenkins school board is any less entitled to governmental immunity than are county school boards. We hold that the court erred in failing to accord immunity to the Jenkins school board. We vacate and remand on this issue.

■ We also hold that the trial court erred when it found that the school board waived its immunity by purchasing liability insurance. Our Supreme Court has held that a school board's liability insurance does *not* represent a waiver of immunity. *Grayson County Bd. of Educ. v. Casey,* 157 S.W.3d 201 (Ky.2005). This court ruling has been reaffirmed and codified by the General Assembly: "the purchase of liability insurance ... shall not be construed as a waiver of sovereign immunity or *any other immunity* or privilege thereby held." KRS 44.073(14). (This statute was held unconstitutional on other grounds by *Yanero v. Davis,* 65 S.W.3d 510 (Ky. 2001)). (Emphasis added).

### *The Individual Appellees*

■ In its order dismissing, the trial court also impliedly rejected the claim of immunity asserted by the individual appellants. We first note that the complaint does not name the defendants in their official capacities—although all of the allegations in the complaint refer to actions and responsibilities relating to their jobs. Recently, when confronted with a similar situation, our Court determined that if a complaint does not specify that a defendant is being sued in his official capacity, he is being sued only as an individual. *Bolin v. Davis,* 283 S.W.3d 752, 756 (Ky. App.2008). When agency employees are sued in their individual capacities, they may possess qualified official immunity. *Id.* at 757.

■ Qualified official immunity prevents public officers or employees from being liable for:

the negligent performance ... of (1) discretionary acts or functions, i.e., those involving the exercise of discretion and judgment or personal deliberation, decision, and judgment; (2) in good faith; and (3) within the scope of the employee's authority.... Conversely, an officer or employee is afforded no immunity from tort liability for the negligent performance of a ministerial act, i.e., one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts.

*Yanero v. Davis*, 65 S.W.3d at 522.

 KRS 161.180 provides that teachers and administrators have a duty to supervise students on school grounds according to rules enacted by the school board. Enactment of rules is discretionary, thus rendering qualified official immunity to be available as a valid defense for an administrator. *Yanero v. Davis*, 65 S.W.3d at 529. The manner in which supervision is conducted is also discretionary. However, the failure of teachers to supervise students "in the face of known and recognized behavior" is *not* a discretionary function. *Turner v. Nelson*, 342 S.W.3d 866, 876–77 (Ky.2011). (*See also Williams v. Kentucky Dep't of Educ.*, 113 S.W.3d at 150–51.) Therefore, if teachers abdicate their duty to supervise their students, qualified official immunity is *not a valid defense* to a claim of negligent supervision.

 In this case, because no discovery was conducted, the lower court was unable to undertake the proper analysis to determine whether Superintendent Watts had failed to enact rules or whether the coaches had completely failed to supervise the football team. The record is devoid of these necessary facts. Thus, it is impossible to analyze whether the coaches were entitled to qualified official immunity. Additionally, the trial court did not have any facts to enable it to determine whether Watts had acted in good faith.

Therefore, we must vacate the order as it pertains to the individual actors and remand for the issue to be reconsidered by the trial court following discovery.

To summarize, we vacate the orders pertaining to the Jenkins Independent Schools and remand for entry of an order sustaining the governmental immunity of the school board. As to the individual appellants, we can neither affirm nor vacate; we remand for consideration of their claims of immunity after sufficient discovery has been conducted.

ALL CONCUR.